UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERRY E. BINGAMAN, et al., | : | Case No. C-1-01-707 |
| | : | J. Weber |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| THE PROCTER & GAMBLE | : | **PLAINTIFFS' OBJECTIONS TO** |
| COMPANY, | : | **DEFENDANT'S MOTION FOR BILL** |
| | : | **OF COSTS WITH AFFIDAVIT OF** |
| Defendant. | : | **GERRY E. BINGAMAN ATTACHED** |
| | : | |

This matter is before the Court on Defendant's Motion for Bill of Costs filed July 20, 2005. For the reasons that follow, this Court should exercise its discretion and deny Defendant's Motion.

Fed.R.Civ.P. 54(d) provides for the award of costs to the prevailing party "unless the court otherwise directs." It is well established that this award of costs is within the discretion of the district court. National Transformer Corp. v. France Mfg. Co., 215 F.2d 343, 362 (6th Cir. 1954). This discretion includes the power to decline to award costs for even those items enumerated in 28 U.S.C. §1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). When determining whether to assess costs to the prevailing party, the court should weigh the equities and public interests involved. White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986); Lichter Found., Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959); Muller v. United States of America, 811 F.Supp. 328, 329 (N.D. Ohio 1992) (citing County of Suffolk v. Secretary of Interior, 76 F.R.D. 469, 472 (E.D.N.Y. 1977)). This decision

1

must be "tempered by considerations of fairness." Muller, 811 F.Supp. at 329 (citing Wm. Bros. Boiler & Mfg. Co. v. Gibson-Stewart Co., 202 F.Supp. 6, 7 (N.D. Ohio 1961), modified on other grounds, 312 F.2d 385 (6th Cir. 1963)).

In Muller v. United States of America, the Northern District of Ohio decided that the prevailing party, the United States, should not be awarded costs of $534.55. In reaching this decision, the court considered the following factors:

1. the financial need of the prevailing party for reimbursement;

2. the burden that imposition of costs would have on a non-affluent, non-prevailing party;

3. the possible inhibitive effect that the imposition of costs might have on future litigants, who may be discouraged from bringing suit "no matter how meritorious they might in good faith believe their claims to be;" and

4. whether the non-prevailing plaintiff's claims were frivolous or whether they presented close issues of fact.

811 F.Supp. at 329. See also White & White, 786 F.2d at 730 (denial of costs proper where case is "close and difficult"); Hall v. Ohio Educ. Assoc., 984 F.Supp. 1144 1146 (S.D. Ohio 1997); Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund, 760 F.Supp. 665, 670 (W.D. Mich. 1991).

In this case, the Court should exercise its discretion and decline to award Defendant costs. Defendant is a large and profitable corporation. It will suffer no financial hardship if costs are not awarded. However, as established in the record, neither Plaintiff has been fully employed since their terminations from Defendant. In particular, Plaintiff Bingaman has financial problems due to his inability to work. (See attached Affidavit of Gerry E. Bingaman). His only source of income is his retirement savings. Id. With that money, Bingaman also provides support for a daughter

and grandchild who live with him. Id. Further, as established in the record, both Plaintiffs have health conditions that will forever adversely impact any future earning potential. Bingaman has applied for Social Security disability, but has been denied to date. (Bingaman Aff. ¶3). Under the circumstances, an award of costs would be unfair and would unnecessarily chill other litigants from pursuing what they reasonably perceive as disability discrimination.

Accordingly, Plaintiffs respectfully request that this Court deny Defendant's Motion and order the parties to be responsible for their own costs.

Respectfully submitted,

/s/ George M. Reul, Jr.
George M. Reul, Jr. (0069992)
Randolph H. Freking (0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
513-721-1975
513-651-2570
greul@frekingandbetz.com
randy@frekingandbetz.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ George M. Reul, Jr.