UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERRY E. BINGAMAN, et al., | : | Case No. 1:01CV707 |
| | : | |
| Plaintiffs, | : | Judge Herman J. Weber |
| | : | |
| v. | : | |
| | : | **REPLY MEMORANDUM IN** |
| THE PROCTER & GAMBLE COMPANY, | : | **RESPONSE TO PLAINTIFF'S** |
| | : | **OBJECTIONS TO DEFENDANT'S** |
| Defendant. | : | **BILL OF COSTS** |
| | : | |

## I. INTRODUCTION

Plaintiffs Gerry Bingaman and Annie Brantley (collectively "Plaintiffs") appealed this Court's order granting summary judgment in favor of Defendant The Procter & Gamble Company ("P&G"). The Sixth Circuit Court of Appeals affirmed on July 6, 2005. Because P&G is the prevailing party in this matter, it is entitled to an award of costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

## II. ARGUMENT

Under Rule 54(d), "costs other than attorneys' fees *shall be allowed* as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d) (emphasis added). "The prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption." Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959). No such circumstances exist here.

In White v. White, Inc. v. American Hospital Supply Corp., 786 F.2d 728 (6th Cir. 1986), the Sixth Circuit established guidelines for awarding costs. The court noted limited circumstances in which the denial of costs may be a proper exercise of discretion: (1)

circumstances in which taxable expenditures by the prevailing party are unnecessary or unreasonably large; (2) "cases in which the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues"; (3) "cases where the party's recovery is so insignificant that the judgment amounts to a victory for the defendant"; and (4) cases that are "close and difficult." Id. at 730.  The court also identified factors the court should ignore when determining whether to exercise its discretion and deny costs, including the size of the successful party's recovery and the ability of the prevailing party to pay costs. Id.

None of the factors identified in White & White are present in this case, and Plaintiffs have identified no basis on which to overcome the presumption that costs shall be awarded to P&G as the prevailing party.  First, Plaintiffs assert that P&G "is a large and profitable corporation." White & White specifically listed the ability of the prevailing party to pay its costs as a factor the court should *ignore*. Id.

Second, Plaintiff Gerry Bingaman's bare assertions in his affidavit are wholly insufficient to overcome the presumption that P&G shall be awarded costs.  Bingaman does not allege that he has an inability to pay; instead, he merely alleges that he is unable to work, that his application for social security disability has been denied, that his retirement savings is depleting, and that he "provide[s] support" for his daughter and grandchild.  In his deposition, Bingaman testified that he had paid his counsel approximately $7,000 for attorney's fees and expenses for the lawsuit.  (Bingaman Dep. at 323).  Notably, Plaintiff Annie Brantley has made no such assertion regarding her ability to pay.  In fact, she testified in her deposition that she had moved into a house in 1999 that she purchased for $313,000.  (Brantley Dep. at 9).  Merely alleging that one of the plaintiffs does not desire to pay is simply insufficient to overcome the presumption in favor of awarding costs to the prevailing party.

Finally, the Plaintiffs' claim that an award of costs "would unnecessarily chill other litigants from pursuing what they reasonably perceive as disability discrimination" is wholly irrelevant. Both the Magistrate Judge in the Report and Recommendation, the District Court in its Order, and the unanimous Court of Appeals all concluded the Plaintiffs' claims were without merit. Courts routinely award costs to the prevailing party for expenses that are both necessary and reasonable under the standard in Rule 54. See Hall v. Ohio Educ. Ass'n, 984 F. Supp. 1144, 1146 (S.D. Ohio 1997) ("[I]f Defendants establish that the expenses are both necessary and reasonable, the Court will presume that Defendants should be awarded these costs."). Plaintiffs do not assert, nor can they assert, that the costs P&G seek are either unreasonable or unnecessary. In fact, the lion share of the costs are the result of depositions that Plaintiffs took, not P&G. Except for the Plaintiffs' depositions, the Plaintiffs requested and took all of the other depositions that generated the costs in this case. These depositions were then necessarily used by P&G as the basis for its motion for summary judgment. Accordingly, P&G is entitled to these costs as expenses that were both necessary and reasonable.

### III.  CONCLUSION

As the prevailing party, P&G is entitled to an award of costs under Rule 54. Nothing Plaintiffs have advanced overcome the presumption that costs shall be awarded to the prevailing party. Accordingly, the Court should enter an award of costs in favor of P&G.

Respectfully submitted,

/s/ Michael S. Glassman
Michael S. Glassman (0012713)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street

Cincinnati, Ohio 45202
(513) 977-8200

Attorney for Defendant
The Procter & Gamble Company

## CERTIFICATE OF SERVICE

    I hereby certify that on August 25, 2005 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to George M. Reul, Esq., and Randolph H. Feking, Esq., Freking & Betz, 215 East Ninth Street, Fifth Floor, Cincinnati, Ohio 45202, attorneys for Plaintiffs Gerry E. Bingaman & Annie Brantley.

    /s/ Michael S. Glassman
    Michael S. Glassman (0012713)

#1176232.01